United States District Court
Southern District of Texas
**ENTERED**
July 14, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BAPTISTA BULA NASESEL ZEFERINDU, | § § § | |
| Petitioner, | § | |
| v. | § § | CIVIL ACTION NO. H-26-2997 |
| MARTIN FRINK, et al., | § § | |
| Respondents. | § § | |

### MEMORANDUM OPINION AND ORDER

Baptista Bula Nasesel Zeferindu ("Petitioner"), a citizen of Angola, entered the United States without admission or parole on May 31, 2023.[1]  That same day Petitioner was served with a Notice to Appear, charging him with inadmissibility pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), "as an alien present in the United States without being admitted or paroled, or who arrived in the Untied States at any time or place other than as designated by the Attorney General."[2]  On October 3, 2025, Petitioner was taken into Immigration and Customs Enforcement custody at a check-in appointment.[3]  On January 6, 2026, an immigration judge ordered

---

[1]Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Habeas Petition"), Docket Entry No. 1, p. 1; Response to the Petition for Writ of Habeas Corpus and Motion to Summary Judgment ("Respondents' MSJ"), Docket Entry No. 8, p. 2.  For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Respondents' MSJ, Docket Entry No. 8, p. 2.

[3]Id. at 3.

Petitioner removed from the United States to Angola.[4]  Petitioner has appealed that decision and remains in immigration custody.[5]

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1).  Petitioner argues that Respondents must grant him a bond hearing because he is not a risk to the community and because he is suffering from certain health conditions.[6] Petitioner also argues that his prolonged detention violates his rights.[7]  Also pending before the court is Respondents' Motion for Summary Judgment (Docket Entry No. 8).  Respondents argue that Petitioner is legally detained under § 1225(b)(2) because he is an applicant for admission.[8]  Petitioner has filed a reply.[9]

Because "presence without admission deems [Petitioner] to be [an] applicant[] for admission," Petitioner is subject to mandatory detention under § 1225(b)(2) and is therefore not entitled to a bond hearing.  Buenrostro-Mendez v. Bondi, 166 F.4th 494, 498, 502 (5th Cir. 2026).

To the extent Petitioner is arguing that his detention violates substantive or procedural due process, his claim is

---

[4]Id.

[5]Id.

[6]Habeas Petition, Docket Entry No. 1, p. 6.

[7]Id.

[8]Respondents' MSJ, Docket Entry No. 8, pp. 1-2.

[9]Response of Petitioner to the Respond of DHS-ICE in Support of Petition of Writ of Habeas Corpus, Docket Entry No. 11.

without merit.  As explained in <u>Garcia De La Cruz v. Bondi,</u> Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'"  <u>Id.</u> at *2 (quoting <u>Demore v. Kim,</u> 123 S. Ct. 1708, 1721-22 (2003)).  Moreover, as explained in <u>Jacobo-Ventura v. Dickey,</u> Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because Petitioner only has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(2) mandates detention of applicants for admission until certain proceedings have concluded, Petitioner is not entitled to a bond hearing as a matter of procedural due process.

For the reasons explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 8) is **GRANTED**, and Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Docket Entry No. 1) is **DENIED**.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 14th day of July, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

-3-